**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CIV. NO.   2:15-CV-00161 |
| ) | |
| v. ) | |
| ) | CONSENT DECREE |
| INTALCO ALUMINUM ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## I.   BACKGROUND

A.    The United States of America, on behalf of the United States Environmental Protection Agency ("EPA") and the United States Department of Agriculture, Forest Service ("Forest Service" or "USFS") (collectively, "Plaintiff"), filed a Complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA"), to recover past response costs incurred by the United States in connection with releases and threatened releases of hazardous substances from the Holden Mine Site in Chelan County, Washington (the "Site").

B.    Intalco Aluminum Corporation ("Settling Defendant" or "Intalco") does not, by entering into this Consent Decree, admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

C.    Plaintiff and Settling Defendant (the "Parties" and individually, "Party") agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been

U.S. v. Intalco Aluminum Corporation
   Consent Decree

1   negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and

2   complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and

3   in the public interest.

4          THEREFORE, with the consent of the Parties to this Decree, it is ORDERED,

5   ADJUDGED, AND DECREED:

6                          **II.    JURISDICTION AND VENUE**

7          1.      This Court has jurisdiction over the subject matter of this action under Section

8   107(a) of CERCLA, 42 U.S.C. § 9607(a), and under 28 U.S.C. §§ 1331 and 1345, and also has

9   personal jurisdiction over Settling Defendant.  Venue is proper in this district under 42 U.S.C. §

10  9613(b) because the alleged releases occurred in the Eastern District of Washington.  Solely for

11  the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all

12  objections and defenses that it may have to jurisdiction of the Court or to venue in this District.

13  Settling Defendant shall not challenge the terms of this Consent Decree or this Court's

14  jurisdiction to enter and enforce this Consent Decree.

15                         **III.    PARTIES BOUND**

16         2.      This Consent Decree is binding upon the United States, on behalf of the Forest

17  Service and the EPA, and upon Settling Defendant and its successors and assigns.  Any change

18  in ownership or corporate or other legal status, including but not limited to, any transfer of assets

19  or real or personal property, shall in no way alter the status or responsibilities of Settling

20  Defendant under this Consent Decree.

U.S. v. Intalco Aluminum Corporation
    Consent Decree

2

# IV.   DEFINITIONS

3.      Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next working day.

"DOJ" shall mean the United States Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"EPA" shall mean the United States Environmental Protection Agency and its successor departments, agencies or instrumentalities.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

U.S. v. Intalco Aluminum Corporation
    Consent Decree

1      "Forest Service" or "USFS" shall mean the United States Department of Agriculture,

2 Forest Service, and its successor departments, agencies or instrumentalities.

3      "Interest" shall mean interest at the rate specified for interest on investments of the EPA

4 Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on

5 October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest

6 shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change

7 on October 1 of each year.

8      "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral

9 or an upper or lower case letter.

10      "Parties" shall mean the Forest Service, the EPA, and Settling Defendant (individually,

11 "Party").

12      "Past Response Costs" shall mean all CERCLA response costs, including but not limited

13 to direct and indirect costs, that EPA or the Forest Service has incurred at or in connection with

14 the Site through May 31, 2012, plus accrued Interest on all such costs through May 31, 2014.

15      "Plaintiff" shall mean the United States on behalf of the Forest Service and the EPA.

16      "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

17      "Settling Defendant" shall mean Intalco Aluminum Corporation.

18      "Site" shall mean the Holden Mine Site located in Chelan County, Washington. The Site

19 includes the Holden Mine and the associated areal extent of contamination including, but not

20 limited to, the underground mine workings, adjacent tailings and waste rock piles, Railroad

21 Creek from adjacent to the mine to Lake Chelan, and Lake Chelan in the immediate vicinity of

22 its confluence with Railroad Creek. The Holden Mine is located approximately 10 miles

U.S. v. Intalco Aluminum Corporation
   Consent Decree

1  upstream from Lake Chelan, as depicted on the map attached as Appendix A to this Consent

2  Decree.

3      "Unilateral Administrative Order" shall mean the Unilateral Administrative Order for

4  Remedial Design and Remedial Action, EPA Docket No. CERCLA-10-2012-0127, issued jointly

5  by the United States Department of Agriculture and the United States Environmental Protection

6  Agency in June 2012.

7              **V.    PAYMENT OF RESPONSE COSTS**

8      4.    <u>Payment by Settling Defendants for Past Response Costs.</u> Within 10 days after the

9  Effective Date, Settling Defendants shall pay $2,447,472.50, in settlement of the Past Response

10  Costs as defined in Paragraph 3.

11      5.    Payment by Settling Defendant shall be made at https://www.pay.gov to the U.S.

12  Department of Justice account, in accordance with instructions provided to Settling Defendant by

13  the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Eastern

14  District of Washington after the Effective Date.  The payment instructions provided by the FLU

15  shall include a Consolidated Debt Collection System ("CDCS") number, which shall be used to

16  identify all payments required to be made in accordance with this Consent Decree.  The FLU

17  shall provide the payment instructions to:

18          Ms. Amie Salazar
19          Project Procurement Administrative Assistant - Holden Group
20          Rio Tinto
21          4700 Daybreak Parkway
22          South Jordan Utah 84095 USA
23          (801) 204 2395
24          Amie.Salazar@riotinto.com
25
26
27

U.S. v. Intalco Aluminum Corporation
    Consent Decree

Theodore Garrett, Esq.
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW,
Washington, DC 20001
(202) 662-5398
tgarrett@cov.com

on behalf of Settling Defendant.  Settling Defendant may change the individual to receive

payment instructions on its behalf by providing written notice of such change to EPA, Forest

Service, and DOJ in accordance with Section XII (Notices and Submissions).

6.      At the time of payment, Settling Defendant shall send notice that payment has

been made to EPA, Forest Service, and DOJ in accordance with Section XII (Notices and

Submissions), and to the EPA Cincinnati Finance Office by email at

cinwd_acctsreceivable@epa.gov, or by mail to:

EPA Cincinnati Finance Office
26 W. Martin Luther King Drive
Cincinnati, Ohio 45268

Such notice shall reference the CDCS Number, Site/Spill ID Number 101Y, and DOJ case

number 90-11-2-1135/5.

7.      The amount to be paid to EPA pursuant to Paragraph 4 shall be deposited by EPA

in the Holden Mine Special Account to be retained and used to conduct or finance response

actions at or in connection with the Site, or transferred by EPA to the EPA Hazardous Substance

Superfund.

U.S. v. Intalco Aluminum Corporation
        Consent Decree

## VI.   FAILURE TO COMPLY WITH CONSENT DECREE

8.   <u>Interest on Late Payments</u>.  If Settling Defendant fails to make any payment under Paragraph 4 (Payment by Settling Defendant for Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.   <u>Stipulated Penalty</u>.

a.   If any amounts due to EPA or the Forest Service under Paragraph 4 (Payment by Settling Defendant for Past Response Costs) are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay the United States, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $ 2000 for each day that such payment is late.

b.   Stipulated penalties are due and payable within 30 days after the date of the demand for payment of the penalties by the United States.  All payments under this Paragraph shall be identified as "stipulated penalties" and shall be made by Fedwire Electronic Funds Transfer ("EFT") to:

> Federal Reserve Bank of New York
> ABA = 021030004
> Account = 68010727
> SWIFT address = FRNYUS33
> 33 Liberty Street
> New York, NY 10045

c.   Penalties shall accrue as provided in this Paragraph regardless of whether the United States has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand.  All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.  Nothing in this Consent Decree

U.S. v. Intalco Aluminum Corporation
  Consent Decree

1   shall prevent the simultaneous accrual of separate penalties for separate violations of this

2   Consent Decree.

3        10.    If the United States brings an action to enforce this Consent Decree, Settling

4   Defendant shall reimburse the United States for all costs of such action, including but not limited

5   to costs of attorney time.

6        11.    Payments made under this Section shall be in addition to any other remedies or

7   sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the

8   requirements of this Consent Decree.

9        12.    Notwithstanding any other provision of this Section, the United States may, in its

10  unreviewable discretion, waive payment of any portion of the stipulated penalties that have

11  accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse

12  Settling Defendant from payment as required by Section V or from performance of any other

13  requirements of this Consent Decree.

14  **VII.    COVENANTS BY PLAINTIFF**

15       13.    <u>Covenants for Settling Defendant by United States</u>.  Except as specifically

16  provided in Section VIII (Reservation of Rights by United States), the United States covenants

17  not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a)

18  of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  These covenants shall take

19  effect upon the Effective Date.  These covenants are conditioned upon the satisfactory

20  performance by Settling Defendant of its obligations under this Consent Decree.  These

21  covenants extend only to Settling Defendant and do not extend to any other person.

U.S. v. Intalco Aluminum Corporation
   Consent Decree

8

1    **VIII.   RESERVATIONS OF RIGHTS BY UNITED STATES**

2        14.    The United States reserves, and this Consent Decree is without prejudice to, all

3    rights against Settling Defendant with respect to all matters not expressly included within the

4    Covenants by Plaintiff in Paragraph 13.  Notwithstanding any other provision of this Consent

5    Decree, the United States reserves all rights against Settling Defendant with respect to:

6            a.     liability for failure of Settling Defendant to meet a requirement of this

7    Consent Decree;

8            b.     liability for costs incurred or to be incurred by the United States that are

9    not within the definition of Past Response Costs;

10            c.     liability for injunctive relief or administrative order enforcement under

11    Section 106 of CERCLA, 42 U.S.C. § 9606;

12            d.     criminal liability; and

13            e.     liability for damages for injury to, destruction of, or loss of natural

14    resources, and for the costs of any natural resource damage assessments.


15    **IX.    COVENANTS BY SETTLING DEFENDANT**

16        15.    Settling Defendant covenants not to sue and agrees not to assert any claims or

17    causes of action against the United States, or its contractors or employees, with respect to Past

18    Response Costs, other CERCLA response costs incurred responding to releases and threatened

19    releases of hazardous substances at or from this Site on or before the Effective Date, and this

20    Consent Decree, including but not limited to:

21            a.     any direct or indirect claim for reimbursement from the EPA Hazardous

22    Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C.

U.S. v. Intalco Aluminum Corporation
    Consent Decree

1    §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law, relating to response

2    costs incurred by Settling Defendant;

3            b.      any claim for Past Response Costs or for CERCLA response costs the

4    Settling Defendant has incurred at or in connection with the Site on or before the Effective Date,

5    including any claim under the United States Constitution, the Constitution of the State of

6    Washington, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C.

7    § 2412, or at common law; or

8            c.      any claim pursuant to Section 107 or 113 of CERCLA, 42 U.S.C. § 9607

9    or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

10           16.     Nothing in this Consent Decree shall be deemed to constitute approval or

11    preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or

12    40 C.F.R. § 300.700(d).

13           17.     Settling Defendant reserves the right to assert a claim for reimbursement pursuant

14    to Section 106(b)(2) of CERCLA, for response costs it incurs at or in connection with the Site

15    after the Effective Date. In addition, in the event that the United States brings a cause of action

16    against Settling Defendant pursuant to Section 106(a) and/or (b)(1) for enforcement of the

17    Unilateral Administrative Order, or pursuant to Section 107(a) for the recovery of response costs

18    incurred by the United States after the Effective Date, the Settling Defendant reserves its rights

19    to assert that the United States response costs are inconsistent with the NCP and/or that the

20    selection of the remedial action was arbitrary and capricious or otherwise not in accordance with

21    law.

U.S. v. Intalco Aluminum Corporation
    Consent Decree

18.   Claims Against De Micromis Parties.  Settling Defendant agrees not to assert any claims and to waive all claims or causes of action (including but not limited to claims or causes of action under Sections 107(a) and 113 of CERCLA) that it may have for all matters relating to the Site against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

19.   The waiver in Paragraph 18 shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if:

a.   such person has failed to comply with any Forest Service or EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of RCRA, 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

U.S. v. Intalco Aluminum Corporation
    Consent Decree

11

1             b.      that the materials containing hazardous substances contributed to the Site

2 by such person have contributed significantly, or could contribute significantly, either

3 individually or in the aggregate, to the cost of response action or natural resource restoration at

4 the Site.

## X.   EFFECT OF SETTLEMENT/CONTRIBUTION

6       20.      Except as provided in Paragraph 18 (Claims Against De Micromis Parties)

7 nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of

8 action to, any person not a Party to this Consent Decree.  Except as provided in Section IX

9 (Covenants by Settling Defendant), each of the Parties expressly reserves any and all rights

10 (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses,

11 claims, demands, and causes of action that each Party may have with respect to any matter,

12 transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

13 Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section

14 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2) and (3), to pursue any such persons to

15 obtain additional response costs or response action and to enter into settlements that give rise to

16 contribution protection pursuant to Section 113(f)(2).

17       21.      The Parties agree, and by entering this Consent Decree this Court finds, that this

18 Consent Decree constitutes a judicially-approved settlement pursuant to which the Settling

19 Defendant has, as of the Effective Date, resolved liability to the United States within the

20 meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the

21 Effective Date, to protection from contribution actions or claims as provided by Section

22 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in

U.S. v. Intalco Aluminum Corporation
    Consent Decree

1   this Consent Decree.  The "matters addressed" in this Consent Decree are the Past Response

2   Costs.

3        22.     The Parties further agree, and by entering this Consent Decree this Court finds,

4   that the complaint filed by the United States in this action is a civil action within the meaning of

5   Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes

6   a judicially-approved settlement pursuant to which the Settling Defendant has, as of the Effective

7   Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of

8   CERCLA, 42 U.S.C. § 9613(f)(3)(B).

9        23.     Settling Defendant shall, with respect to any suit or claim brought by it for

10  matters related to this Consent Decree, notify EPA, the Forest Service, and DOJ in writing no

11  later than 60 days prior to the initiation of such suit or claim.  Settling Defendant also shall, with

12  respect to any suit or claim brought against it for matters related to this Consent Decree, notify

13  EPA, the Forest Service, and DOJ in writing within 10 days after service of the complaint or

14  claim upon it.  In addition, Settling Defendant shall notify EPA, the Forest Service, and DOJ

15  within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days

16  after receipt of any order from a court setting a case for trial, for matters related to this Consent

17  Decree.

18       24.     In any subsequent administrative or judicial proceeding initiated by the United

19  States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling

20  Defendant shall not assert, and may not maintain, any defense or claim based upon the principles

21  of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses

22  based upon any contention that the claims raised by the United States in the subsequent

U.S. v. Intalco Aluminum Corporation
     Consent Decree

1  proceeding were or should have been brought in the instant case; provided, however, that nothing

2  in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VII

3  (Covenants by Plaintiff).

4  **XI.    ACCESS TO INFORMATION AND RETENTION OF RECORDS**

5        25.      Settling Defendant shall provide access to information concerning the Site, and

6  retain records relevant to the Site, in accordance with the provisions of Section XX (Record

7  Preservation, Retention, and Availability) of the Unilateral Administrative Order ("UAO") for

8  Remedial Design and Remedial Action (EPA Docket No. CERCLA-10-2012-0127) issued to

9  Settling Defendant in June 2012.  Section XX of the UAO is attached as Appendix B to this

10  Consent Decree.

11  **XII.    NOTICES AND SUBMISSIONS**

12        26.      Whenever, under the terms of this Consent Decree, notice is required to be given

13  or a document is required to be sent by one party to another, it shall be directed to the individuals

14  at the addresses specified below, unless those individuals or their successors give notice of a

15  change to the other Parties in writing.  Written notice as specified in this Section shall constitute

16  complete satisfaction of any written notice requirement of the Consent Decree with respect to

17  EPA, Forest Service, DOJ, and Settling Defendant, respectively.

18        As to DOJ:
19        Chief, Environmental Enforcement Section
20        Environment and Natural Resources Division
21        U.S. Department of Justice
22        P.O. Box 7611
23        Washington, D.C.  20044-7611
24        Re: DJ # 90-11-2-1135/5

U.S. v. Intalco Aluminum Corporation
    Consent Decree

14

As to EPA:
Jennifer MacDonald
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101
MacDonald.Jennifer@epa.gov

Dave Einan
Project Coordinator
Hanford Office
U.S. Environmental Protection Agency, Region 10
309 Bradley Blvd., Suite 115
Richland, WA 99352
Phone: 509-376-3883
E-mail: einan.david@epa.gov

As to the Forest Service:
James E. Alexander
USDA Office of the General Counsel
1220 SW Third Avenue, Suite 310
Portland, Oregon 97204-2825
James.Alexander@ogc.usda.gov

Julie Creed
USDA Forest Service
1220 SW 3rd Avenue
Portland, OR 97204
jcreed01@fs.fed.us

As to Settling Defendant:
Sanford W. Harvey, Jr., Esq
Alcoa Inc.
201 Isabella Street
Pittsburgh, PA 15212-5858
sanford.harvey@alcoa.com

Theodore Garrett, Esq.
Covington & Burling LLP
One CityCenter
850  Tenth Street, NW,
Washington, DC 20001
(202) 662-5398
tgarrett@cov.com

U.S. v. Intalco Aluminum Corporation
Consent Decree

1  **XIII.   RETENTION OF JURISDICTION**

2  27.   This Court shall retain jurisdiction over this matter for the purpose of interpreting

3  and enforcing the terms of this Consent Decree.

4  **XIV.   INTEGRATION/APPENDICES**

5  28.   This Consent Decree and its appendices constitute the final, complete and

6  exclusive agreement and understanding among the Parties with respect to the settlement

7  embodied in this Consent Decree.  The Parties acknowledge that there are no representations,

8  agreements, or understandings relating to the settlement other than those expressly contained in

9  this Consent Decree.  The following appendices are attached to and incorporated into this

10  Consent Decree: "Appendix A" is the map of the Site and "Appendix B" is Section XX (Record

11  Preservation, Retention, and Availability) of the Unilateral Administrative Order for Remedial

12  Design and Remedial Action (EPA Docket No. CERCLA-10-2012-0127) issued to Settling

13  Defendant in June 2012.

14  **XV.   LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

15  29.   This Consent Decree shall be lodged with the Court for a period of not less than

16  30 days for public notice and comment.  The United States reserves the right to withdraw or

17  withhold its consent if the comments regarding the Consent Decree disclose facts or

18  considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.

19  Settling Defendant consents to the entry of this Consent Decree without further notice.

20  30.   If for any reason this Court should decline to approve this Consent Decree in the

21  form presented, this agreement is voidable at the sole discretion of any Party and the terms of the

22  agreement may not be used as evidence in any litigation between the Parties.

U.S. v. Intalco Aluminum Corporation
    Consent Decree

XVI.   **SIGNATORIES/SERVICE**

31.     Undersigned representative of Settling Defendant and the Deputy Chief, Environmental Enforcement Section, Environment and Natural Resources Division, United States Department of Justice, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

32.     Settling Defendant agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

33.     Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of Settling Defendant with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

U.S. v. Intalco Aluminum Corporation
Consent Decree

## XVII.    FINAL JUDGMENT

34.    Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

**SO ORDERED** THIS 17th DAY OF September 20 15

**United States District Judge**

U.S. v. Intalco Aluminum Corporation
     Consent Decree

**FOR THE UNITED STATES OF AMERICA:**

05-28-2015
_____
Date

THOMAS A. MARIANI, JR.
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division


05/28/15
_____
Date

DANICA ANDERSON GLASER, Trial Attorney
FREDERICK S. PHILLIPS, Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Phone: (202) 514-5270
       (202) 305-0439
Fax:   (202) 514-0097
danica.glaser@usdoj.gov
frederick.phillips@usdoj.gov


MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington


5/24/2015
_____
Date

s/ Tyler Tornabene   ___ 9/2
Tyler Tornabene
Assistant United States Attorney
Eastern District of Washington
P.O. Box 1494
Spokane, WA 99210-1494
(509) 353-2767


U.S. v. Intalco Aluminum Corporation
     Consent Decree

19

**FOR THE UNITED STATES OF AMERICA (cont'd):**

JIM PENA
Regional Forester, Forest Service Region 6
U.S. Department of Agriculture

_____      _____
Date          JAMES ALEXANDER
              Senior Counsel
              USDA, Region 4
              1220 SW 3rd Ave
              Portland, OR  97204


RICK ALBRIGHT
Director, Office of Environmental Cleanup
U.S. Environmental Protection Agency, Region 10

_____      _____
Date          JENNIFER MACDONALD
              Assistant Regional Counsel
              U.S. Environmental Protection Agency, Region 10
              1200 Sixth Avenue
              Seattle, WA  98101


**FOR INTALCO ALUMINUM CORPORATION:**

_____      _____
Date          Name (print):
              Title:
              Address:

Agent Authorized to Accept Service on Behalf of Above-signed Party:

              _____
              Name (print):
              Title:
              Address:
              Phone:
              Email:

U.S. v. Intalco Aluminum Corporation
    Consent Decree

20

**FOR THE UNITED STATES OF AMERICA (cont'd):**

6/24/2015
Date

JAMES M. PEÑA
Regional Forester
Forest Service Region 6
1220 SW 3rd Ave
Portland, OR  97204

_____
Date

RICHARD ALBRIGHT, Director
Office of Environmental Cleanup, Region 10
U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101

_____
Date

JENNIFER G. MACDONALD
Assistant Regional Counsel, Region 10
U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101

**FOR INTALCO ALUMINUM CORPORATION:**

_____
Date

Name (print):
Title:
Address:

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):
Title:
Address:
Phone:
Email:

U.S. v. Intalco Aluminum Corporation
Consent Decree

20

**FOR THE UNITED STATES OF AMERICA (cont'd):**

_____
Date

JAMES M. PEÑA
Regional Forester
Forest Service Region 6
1220 SW 3rd Ave
Portland, OR  97204

6/2/15
Date

RICHARD ALBRIGHT, Director
Office of Environmental Cleanup, Region 10
U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101

5/29/15
Date

JENNIFER G. MACDONALD
Assistant Regional Counsel, Region 10
U.S. Environmental Protection Agency
1200 Sixth Avenue, Suite 900
Seattle, Washington 98101

**FOR INTALCO ALUMINUM CORPORATION:**

_____
Date

Name (print):
Title:
Address:

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):
Title:
Address:
Phone:
Email:

FOR THE UNITED STATES OF AMERICA (cont'd):

JIM PENA
Regional Forester, Forest Service Region 6
U.S. Department of Agriculture

_____          _____
Date                                     JAMES ALEXANDER
                                         Senior Counsel
                                         USDA, Region 4
                                         1220 SW 3rd Ave
                                         Portland, OR  97204


RICK ALBRIGHT
Director, Office of Environmental Cleanup
U.S. Environmental Protection Agency, Region 10

_____          _____
Date                                     JENNIFER MACDONALD
                                         Assistant Regional Counsel
                                         U.S. Environmental Protection Agency, Region 10
                                         1200 Sixth Avenue
                                         Seattle, WA  98101


FOR INTALCO ALUMINUM CORPORATION:

March 5, 2015                    _____
Date                             Name (print):  John Kenna
                                 Title:         Vice President
                                 Address:       201 Isabella Street, Pittsburgh, PA 15212

Agent Authorized to Accept Service on Behalf of Above-signed Party:


                                 _____
                                 Name (print):  Intalco Aluminum Corporation
                                 Title:         c/o CT Corporation System
                                 Address:       505 Union Ave. SE, Suite 120
                                 Phone:         Olympia, WA  98501
                                 Email:         (360) 357-6794
                                                Email N/A

U.S. v. Intalco Aluminum Corporation
     Consent Decree

-20-

**APPENDIX A**



1  U.S. v. Intalco Aluminum Corporation
        Consent Decree

APPENDIX B

## XX.  RECORD PRESERVATION, RETENTION, AND AVAILABILITY

20.1    Respondent shall provide to the Agencies upon request, copies, including electronic

copies, of all documents and information within, or which come within, its possession

and/or control or that of its contractors or agents relating to activities at the Site or to the

implementation of this Order, including but not limited to sampling, analysis, chain of

custody records, manifests, trucking logs, receipts, reports, sample traffic routing,

correspondence, or other documents or information related to the Work.   Respondent

shall also make available to the Agencies for purposes of investigation, information

gathering, or testimony, its employees, agents, or representatives with knowledge of

relevant facts concerning the performance of the Work.

20.2    Until ten (10) years after the Agencies provide written notice to Respondent that the

Work has been completed pursuant to Section X (Certifications, Including Certification

of Completion), Respondent shall preserve and retain, and shall instruct its contractors

and agents to preserve and retain, all documents, records, and information of whatever

kind, nature, or description, in its possession or control, including the documents in the

possession or control of its contractors and agents, on and after the Effective Date of this

Order that relate in any manner to the Site.  At the conclusion of this document retention

period, Respondent shall notify the Agencies at least ninety (90) calendar days prior to

the destruction of any such records or documents, and upon request by the Agencies,

Respondent shall deliver any such records or documents to the Agencies.

20.3    Within thirty (30) days after the Effective Date of this Order, Respondent shall submit a

written certification to the Agencies that it has not altered, mutilated, discarded,

U.S. v. Intalco Aluminum Corporation
      Consent Decree

22

**APPENDIX B**

destroyed or otherwise disposed of any records, documents or other information relating to its potential liability with regard to the Site since the earlier of notification of potential liability by the United States or the filing of suit against Respondent regarding the Site. Respondent shall not dispose of any such documents without prior approval by the Agencies. Respondent shall, upon the Agencies' request and at no cost to the Agencies, deliver the documents or copies of the documents to the Agencies. If Respondent is not able to comply with the requirements of this Paragraph, then Respondent must submit a written explanation of why it cannot comply.

20.4    Respondent may assert a business confidentiality claim pursuant to the procedures set forth in 40 C.F.R. § 2.203 with respect to part or all of any information submitted to the Agencies pursuant to this Order, provided such claim is allowed by Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7). Analytical and other data specified in Section 104(e)(7)(F) of CERCLA, 42 U.S.C. § 9604(e)(7)(F), shall not be claimed as confidential by Respondent. The Agencies shall only disclose information covered by a business confidentiality claim to the extent permitted by, and by means of the procedures set forth at 7 C.F.R. § 1.12 (Forest Service) and 40 C.F.R. § 2.203(b) (EPA). If no such claim accompanies the information when it is received by the Agencies, they may make it available to the public without further notice to Respondent.

20.5    Respondent shall maintain a running log of privileged documents on a document-by-document basis, containing the date, author(s), addressee(s), subject, the privilege or grounds claimed (e.g., attorney work product, attorney-client), and the factual basis for assertion of the privilege. Respondent shall keep the "privilege log" on file and available

U.S. v. Intalco Aluminum Corporation
        Consent Decree

23

**APPENDIX B**

for inspection. The Agencies may at any time challenge claims of privilege through negotiations or otherwise as provided by law or the Federal Rules of Civil Procedure.

20.6    No records created or generated pursuant to the requirements of this Order shall be withheld on the grounds that they are privileged or confidential.

20.7    No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

U.S. v. Intalco Aluminum Corporation
Consent Decree